GUDNARA CABRERA, ETC., Petitioner, *v.* DISTRICT COURT OF GUAYAMA, Respondent.

No. 1546. Argued December 10, 1943.—Decided February 14, 1944.

*Víctor C. Marchand* for petitioner. *C. Domínguez Rubio, pro se,* for claimant.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

We issued the writ of certiorari in this case in order to determine whether the lower court acted without jurisdiction in fixing, within a judicial administration proceeding, the amount of attorney's fees for services rendered to the heirs in said proceeding. The facts are as follows:

In the year 1932 the judicial administration of the estate of José Pérez-Llera at the time of his death was commenced in the District Court of Guayama. Mr. Genaro Cautiño-Insúa was appointed judicial administrator and he has been

represented at all times by Attorney Tomás Bernardini-de-la-Huerta. A few days after said proceeding was commenced, Mrs. Isabel Llera widow of Rucabado, mother of José Pérez-Llera, appeared through her attorney, Mr. C. Domínguez-Rubio, and asked for a term to consider the matter, which was granted. Thereafter she accepted the inheritance under benefit of inventory. She continued to intervene in the judicial administration proceeding until she died in 1934, when she was replaced by her heirs, consisting of her children, Isabel and Fernando Pérez-Llera and Carmen Luisa Rucabado-Llera, who were also represented by Attorney C. Domínguez-Rubio, until on July 14, 1942, Fernando Pérez-Llera, one of the heirs of Doña Isabel, died. Thereafter Attorney Domínguez-Rubio assumed the representation as to one of the children of Fernando Pérez-Llera only, in addition to the other heirs of Doña Isabel. The other heirs of Fernando Pérez-Llera are represented by Attorney Víctor M. Marchán.

The record of this lengthy and unfinished judicial administration is composed of twelve parts. Although the administrator was released of all responsibility on his bond when the final account was approved on December 13, 1940, the lower court ordered that while the commissioner (*contador-partidor*) (appointed in 1937 by virtue of our judgment in *Ex parte Cautiño*, 51 P.R.R. 460) was making the partition and division of the estate and allotting the same to the heirs, "the judicial administrator shall continue in possession of the estate, unless a different order be rendered by the court on petition of an interested party."

From a careful examination of the record of the case it appears that ever since the judicial administration proceeding was instituted in 1932, until the present time, Attorney C. Domínguez-Rubio has taken an active part in all the incidents brought up by the different heirs, through their attorneys, as well as in those brought up by him, in representation

of Mrs. Isabel Llera widow of Rucabado (heir to one half of the estate, as the other heirs are natural children), and later in representation of her heirs. It may be asserted that he has not confined himself to acting as an attorney for said heirs, but that on many occasions he took it upon himself to represent and defend the rights which the attorney for the administrator was bound to defend. We find an example of this in the incident relating to the appointment of the commissioner which came on appeal to this court, which was vigorously and persistently opposed by the administrator—without reason, as was held by this court—and in the success of which Attorney Domínguez-Rubio played a most important part. He has always acted on behalf of the administration and towards a speedy termination of the same. We must admit that in spite of this, the administration is still pending, even though the bond given by the administrator has been cancelled.

The question involved herein arose as a result of a motion filed by Attorney Domínguez-Rubio praying the court to allow him $2,000 as the reasonable value of the professional services rendered to Isabel Llera widow of Rucabado and to Fernando Pérez-Llera, payable out of the estate of the latter and the shares corresponding to his heirs from the inheritance of his mother, and to order that said fees be paid not by the judicial administrator, but by the commissioner, "in order that at the time of fixing the assets of said Fernando Pérez-Llera, said attorney be listed as a creditor holding a claim and the amount of his claim against the estate be secured."

This motion was notified to counsel for the heirs of Fernando Pérez-Llera, Attorney Víctor Marchán, as well as to the other interested parties, and no opposition was filed by them. The court set March 26, 1943, for the hearing of said motion but postponed the same because all the attorneys had not been notified and thereupon set April 2, on which date the hearing was had with the appearance of Attorney Domínguez-

Rubio alone. On July 30, 1943, the court issued an order approving the memorandum of attorney's fees presented by Attorney Domínguez-Rubio. On August 13 Attorney Víctor Marchán filed an unverified motion praying the court to annul its order and admitting that he had not opposed the motion filed by Attorney Domínguez-Rubio, nor put in an appearance at the hearing because he had acted "out of respect for his colleague Domínguez-Rubio and had preferred to let" the court "exercise its discretion in fixing the amount of compensation . . . without presenting any formal written opposition." Attorney Domínguez-Rubio objected to this motion, a hearing was held, and the lower court issued an order dismissing the motion on the ground that if the motion purported to obtain a reconsideration of the order, it had been filed after the expiration of the term of five days provided by § 292 of the Code of Civil Procedure, as amended by Act No. 67 of May 8, 1937 (Laws of 1936–37, p. 190), and that if said motion was addressed to the discretion of the court, pursuant to § 140 of said Code, it found no excusable error justifying the same. In order to review this order, a petition for certiorari was filed on the ground that the lower court had committed certain procedural errors in deciding the motion of the petitioner.

As we said at the beginning of this opinion, we issued the writ sought not because of the alleged errors of procedure, which in our opinion, have not been committed, but in order to determine whether the lower court acted without jurisdiction.

As already stated, the order of the court is not against the judicial administrator that he should pay out of the estate the amount of attorney's fees for his services to one of the heirs, but is directed to the commissioner in order that he should set aside, from the share of one of the heirs who was represented by attorney Domínguez-Rubio, an amount sufficient to secure the claim of said creditor.

Therefore, this case is covered by § 1036 of the Civil Code (1930 ed.) which provides that "Creditors of one or more of the coheirs may take part, at their own expense, in the division in order to prevent it being made in fraud or to the prejudice of their rights."

Commenting on § 1083 of the Spanish Civil Code, which is identical to § 1036 of our code, Manresa says:

"The law does not establish any exception as to the creditors, no matter whether their credit has matured, or been duly secured, or whether it is pure or conditional. Since the main object is to anticipate, or avoid the prejudice that might be caused to the creditor as a result of the partition, it makes no difference whether the credit is subject to the fulfillment of a certain condition. . . .

"It is of little import, as to other respects, that the creditor's right should spring from a time prior to the testator's death or at the time preceding the partition.

" *     *     *     *     *     *     *

" . . . Who will question the interest that creditors have to intervene in the partition and see that the statutory provisions are complied with? It is true that the partition may be always challenged by the creditors if it is made in fraud of their rights, or if they suffer a prejudice by acts of a gratuitous nature performed by the debtor; but, apart from the fact that prejudice will not always be sufficient because the gratuitous nature of the act is questionable, the law tries to avoid the disturbance which would arise from the challenge and rescission attempted by the creditors in authorizing the latter to intervene in the partition. Sec. 1083, therefore, affords a preventive measure for any party interested in the outcome of the partition, thereby avoiding subsequent unnecessary disturbances or repressive acts." 7 Manresa, *Comentarios ol Código Civil Español,* (5th ed.) 859, 60, 61.

The partition in the case at bar is being made as an incident within the judicial administration. This is not a question of a creditor of the testator, recognized as such, who objects to the partition of the estate until he has been paid or the amount of his claim has been secured according to § 1035 of the Civil Code. This is the case of the creditor of one of the heirs who is authorized under § 1036, *supra,* to intervene

in the partition in order to prevent that the same be made in fraud or to the prejudice of his rights.

There is nothing in the Law of Special Legal Proceedings which precludes an attorney, who has represented several heirs in a judicial administration, from applying to the court, after hearing said heirs, for an allowance of his fees, not to be paid out of the estate under administration, but out of the assets of said heirs at the time of partition by the commissioner.

It is true that § 1473 of the Civil Code provides in its pertinent part as follows: " . . .Professional services, as regards the remuneration therefor, shall be subject to the agreement of the parties; and where there is no agreement as to remuneration, and a disagreement should arise respecting the same, the party entitled to such remuneration *may* sue and recover from the adverse party the reasonable value of such services in any court of competent jurisdiction." (Italics ours.) However, the party entitled to compensation is under no obligation, in default of a contract, to sue for the recovery of his fees. The statute only provides that he "may" sue. We see no reason why he can not, as in the case at bar, recover them also in an incident within a judicial administration proceeding when due process of law has been fully complied with. Cf. *Correa* v. *District Court*, 40 P.R.R. 403 and *Ex parte Del Moral*, 43 P.R.R. 696.

In the instant case, the heirs were given an opportunity to file their opposition to the motion of attorney Domínguez-Rubio and they failed to do so; they were notified of the day set for hearing and they failed to appear. They appeared in court for the first time after the statutory period allowed for seeking reconsideration had expired. And even if their motion should be directed to the discretion of the court pursuant to § 140 of the Code of Civil Procedure, we think that the court did not abuse its discretion in dismissing the motion, considering the contentions advanced therein and the facts

appearing from the record, one of which shows that counsel for petitioner, attorney Marchán himself, obtained from the lower court, after a hearing, an order of February 3, 1943, authorizing the Judicial Administrator to pay to the petitioner $250 and then $50 monthly for her minor child, and further-more, $50 for attorney Marchán, "as attorney's fees for his services rendered on behalf of the minor José Fernando Pérez-Cabrera."

The writ issued must be annulled.